IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JACQUELINE SHADE, )
)
    Plaintiff, )
)
v. ) Case No. CIV-13-13-RAW
)
SHADY GROVE SCHOOL, )
)
    Defendant. )

## ORDER

Before the court is the motion of the defendant for partial summary judgment. Plaintiff brings claims for payment of overtime under the Fair Labor Standards Act ("FLSA") and for breach of contract. As pertinent to the FLSA claim, the allegations are as follows. Plaintiff was employed by defendant as a teacher's aide for thirteen years, including during calendar years 2007 through 2012. She contracted with defendant to work 35 hours per week on an hourly wage. She was at times assigned duties and responsibilities that took place after the end of plaintiff's work day. She was not paid overtime for these assigned duties.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. In making that determination, a court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison v. Gambro, Inc.,* 428 F.3d 933, 935 (10th Cir.2005).

The FLSA requires payment of overtime compensation for certain employees who work more than forty hours per week. *See* 29 U.S.C. §207. A two-year statute of limitations

applies to an action for unpaid wages under the FLSA, except where an employer acts willfully, in which case, a three-year period applies. *See* 29 U.S.C. §255(a). The employee bears the burden of proving that the employer acted willfully. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 135 (1988); *see also Gilligan v. City of Emporia,* 986 F.2d 410, 413 (10th Cir.1993).

For purposes of the statute of limitations, "willful" means "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by [the FLSA]." *McLaughlin,* 486 U.S. at 133; *see also Reich v. Monfort, Inc.,* 144 F.3d 1329, 1334 (10th Cir.1998). Reckless disregard can be shown through action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known. *Mumby v. Pure Energy Serv. (USA), Inc.,* 636 F.3d 1266, 1270 (10th Cir.2011).

Whether an FLSA violation is willful is a mixed question of law and fact, but factual issues predominate. *See Pabst v. Okla. Gas & Elec. Co.,* 228 F.3d 1128, 1137 (10th Cir.2000). Cases involving knowledge, motive, and/or intent are not well suited to summary disposition. *See Baum v. Great W. Cities, Inc.,* 703 F.2d 1197, 1210-11 (10th Cir.1983). Therefore, "summary judgment in favor of the employer is inappropriate if the plaintiff has introduced evidence sufficient to support a finding of willfulness." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.,* 579 F.3d 546, 552 (5th Cir.2009).

Mr. Fred Ferguson, superintendent of Shady Grove School, testified that he did not know what the FLSA is, that he had no knowledge of the Act as it relates to overtime, and

that he did not try to keep abreast of any such law.  *See* Plaintiff's Exhibit 4 at 42:15-22.  Plaintiff characterizes such testimony as "unbelievable for a thirty-five (35) year veteran of school administration who attends yearly training workshops." (Plaintiff's Response (#28) at 8).  A bare assertion of incredibility is not sufficient.  *See. e.g., Corrugated Paper Products, Inc. v. Longview Fibre Co.,* 868 F.2d 908, 914 (7th Cir.1989)("[T]he opposing party may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof.")(*quoting Curl v. International Business Mach. Corp.,* 517 F.2d 212, 214 (5th Cir.1975)).  *See also* 10A Wright, Miller & Kane, <u>Federal Practice and Procedure</u>, §2726 at 445 (3d ed. 1988)("specific facts must be produced in order to put credibility in issue so as to preclude summary judgment.  Unsupported allegations that credibility is in issue will not suffice.")(footnotes omitted).[1]

Plaintiff contends that it is not an unsupported allegation, but rather is evinced by Ferguson's "thirty-five years of experience, yearly training workshops, notations in the Support Employee Pay Schedule regarding personnel exemptions and minimum wage he admitted to creating, and his knowledge of how overtime is calculated."  (#28 at 10).  Plaintiff also argues that Mr. Ferguson believed that plaintiff was volunteering her time, and that such a belief is contrary to a definitional section of the FLSA.  The court finds a close question is presented under the present record.  Under those circumstances, the court rests on the principle that "[i]t is the jury's province to decide which limitations period, two or

---

[1] The court has not found a Tenth Circuit case on this precise point.

three years, applies in light of the plaintiff's evidence that the defendants acted willfully." *Bankston v. State of Illinois,* 60 F.3d 1249, 1253 (7th Cir.1995).[2] The motion will be denied as to the FLSA statute of limitations regarding overtime claims.

Plaintiff also contends that defendant breached "certain written and oral agreements" made with her by not paying her for extra duties performed. In the present motion, defendant first notes that the statute of limitations for an action arising from breach of written contract is five years, pursuant to 12 O.S. §95(A)(1). Plaintiff does not appear to dispute this issue.

Next, defendant asserts that an oral contract between a school district and a school employee is invalid, citing 70 O.S. §5-123 and *Williamson v. Bd. of Educ.,* 117 P.2d 120 (Okla.1941). In response, plaintiff appears to disclaim any reliance upon oral contract (despite language in the state court petition which commenced this case). Plaintiff states that defendant's argument is "misplaced" because "[n]ot only are there written contracts here, the contracts contain multiple provisions on pay." (#28 at 11).

This leaves the issue of breach of contract itself. "The resolution of disputed questions in a contract action must come from a jury properly instructed on the applicable

---

[2] Ordinarily, an employer who violates FLSA is liable for both unpaid wages and an additional equal amount as liquidated damages. *See* 29 U.S.C. §216(b). To avoid such damages, the employer must show "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." *See* 29 U.S.C. §260. Before making a determination as to plaintiff's entitlement to liquidated damages, the district court must await the finding of the jury about willfulness. *See Davila v. Menendez,* 717 F.3d 1179, 1186 (11th Cir.2013). *See also Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1166 (11th Cir.2008)("in an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question").

4

law." *Boren v. Kirk,* 878 P.2d 1059, 1062 (Okla.1994). If there are no such disputed questions, of course, the court may rule as a matter of law. Plaintiff contends that her written contracts with the defendant were breached when the defendant failed to pay for hours worked beyond 35 hours per week and failed to pay plaintiff "extra-duty" pay for driving the school bus during school hours.

Plaintiff cites paragraph 5 of her contract, which states: "District shall pay such compensation and provide the fringe benefits to Temporary Employee as set forth in this contract." The term "such compensation," however, appears to refer to the sum of "total salary" set forth earlier in the contract. The contract does not contain a provision which contemplates payment beyond the salary described, even for hours worked beyond 35 hours. It appears to be undisputed that plaintiff was paid the amount listed in the contract.

Plaintiff also cites paragraph 6 of the contract, which states: "District shall pay such compensation to Temporary Employee in the same manner as it pays compensation to other employees employed in similar positions." Plaintiff argues that she was assigned bus driving duties and thus she is entitled to the salary paid to other school bus drivers. Again, the phrase "such compensation" is limited (as a matter of contract interpretation) to the amount of total salary listed. "'The construction of an ambiguous contract is a question of law for the court where the ambiguity can be clarified by reference to other parts of the contract, or where the ambiguity arises by reason of the language used and not because of extrinsic facts.'" *Scungio v. Scungio,* 291 P.3d 616, 622 (Okla.2012)(*quoting Paclawski v. Bristol Laboratories, Inc.,*

5

425 P.2d 452, 456 (Okla.1967)). The court is persuaded summary judgment is appropriate as to plaintiff's contract claims.

It is the order of the court that the motion of the defendant for partial summary judgment (#26) is hereby granted in part and denied in part. Plaintiff's claims for breach of contract are dismissed. Plaintiff's claims under the FLSA remain pending, and the issue of willfulness shall be presented to the jury for determination.

**ORDERED THIS 23rd DAY OF OCTOBER, 2013.**

**Dated this 23rd day of October, 2013.**

*/s/ Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma